STATE v. C. M. HART.

(Filed 25 May, 1938.)

Chattel Mortgages § 10—

Warrant, as amended, and evidence held sufficient to support conviction for unlawfully disposing of chattels purchased under conditional sales contract. C. S., 4287.

APPEAL by defendant from Harding, J., at October Term, 1937, of GUILFORD. No error.

This is a criminal action in which the defendant is charged with having unlawfully made disposition of personal property embraced in a lien with intent to hinder, delay or defeat the rights of the holder of said lien under the provisions of C. S., 4287. The warrant was issued out of the municipal court of the city of High Point. From a verdict of guilty in said court the defendant appealed to the Superior Court.

On 3 January, 1937, the defendant executed to J. D. Ross a title retaining note for the purchase price of one diamond ring and one 21-jewel Bulova watch. As additional security, this title retaining note undertook to also convey household furniture. This note was payable in monthly installments beginning 1 March, 1937.

The defendant having made only two monthly payments, the holder of said lien in July, 1937, demanded the return of the ring and watch to be sold to satisfy the lien. At that time the defendant told the prosecuting witness that he had pawned the ring and did not have the watch. Thereupon the prosecuting witness issued the warrant upon which the defendant was tried.

The jury returned a verdict of guilty. The defendant excepted to the judgment pronounced thereon and appealed.

*Attorney-General McMullan and Assistant Attorney-General Willis for the State.*

*Whicker & Whicker for defendant, appellant.*

PER CURIAM. There was ample evidence to be submitted to the jury. The defendant's contention, made first at the trial, that he had lost the watch and that his wife had pawned the ring without his knowledge or consent were matters in defense rejected by the jury.

The warrant as amended is fully sufficient to charge the violation of C. S., sec. 4287, and defendant's demurrer thereto cannot be sustained. Likewise, the court fully and correctly charged the law applicable to the evidence and the contentions based thereon. The defendant's exceptions thereto cannot be sustained.

In the trial below we find

No error.